UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN ALLEN LANOUE,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>THOMAS L. LEEDS, et. al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:15-cv-00586-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court are Plaintiff's application to proceed in forma pauperis (IFP) (Electronic Case Filing (ECF) No. 1) and pro se complaint (ECF No. 1-1).

### I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months is $31.45, and his average monthly deposits are $174.58.

Plaintiff's application to proceed in forma pauperis should be granted; however, Plaintiff is required to pay an partial initial filing fee in the amount of $34.92, and is required to pay the remainder of the filing fee over time pursuant to 28 U.S.C. § 1915.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in

forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff brings this action against Eighth Judicial District Court (Clark County) Hearing Master Thomas L. Leeds, Nevada Supreme Court Justices Parraguire, Douglas and Cherry, and Eighth Judicial District (Clark County) Judge O'Malley. (ECF No. 1-1 at 1- 3.)

In Count I, he avers that he filed a civil rights complaint in State court following a notice of detention hold issued for unpaid child support which resulted in Plaintiff being denied parole. (*Id*. at 4.) To try to resolve the issue, he requested an examination of the record to assert that paternity should not have been established by reason of default because it was challenged by Plaintiff on March 15, 1991. (*Id*.) Plaintiff asserts that there were errors in record keeping by the Clerk of Court where the case summary report states that the initiating petition and complaint were filed on March 15, 1991, as Plaintiff believes default judgment was entered prior to this date as a result of an ex parte hearing. (*Id*.) As a result, Plaintiff asserts that his due process rights were violated. (*Id*.)

Count I should be dismissed with prejudice for two reasons. First, Plaintiff's claim that his due process rights were violated as a result of events that occurred in 1991 is barred by the applicable statute of limitations. Section 1983 does not contain its own statute of limitations; therefore, federal courts borrow the statute of limitations for section 1983 claims applicable to personal injury claims in the forum state. *See Wilson v. Garcia,* 471 U.S. 261, 279-80 (1985); *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir. 2012). In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 actions brought here, is two years. Nev. Rev. Stat. 11.190(4)(e); *see also Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). Therefore, the two-year statute of limitations bars Plaintiff's claim.

Second, "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts...A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an action that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *see also Ashelman v. Pope*, 793

F.2d 1072, 1075 (9th Cir. 1986). The Ninth Circuit has found that absolute quasi-judicial immunity extends to special masters and others whose "judgments are functionally comparable to those of judges-that is, because they, too, exercise a discretionary judgment as part of their function." *Gabbert v. Conn*, 131 F.3d 793, 803 (9th Cir. 1997) (internal quotation marks and citations omitted), *rev'd on other grounds in* 526 U.S. 286 (1999); *see also Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454-55 (9th Cir. 1993).

In Count II, Plaintiff alleges that after he sat in jail for three days, he appeared before Judicial Officer Leeds, where Plaintiff continued to contest paternity on November 22, 1994. (*Id.* at 5.) Plaintiff was then arrested on October 13, 1995, and spent ten days deprived of his liberty, which resulted in the loss of employment as well as his residence. (*Id.*) He was arrested again on March 9, 1998, and was held in custody until March 12, 1998, where he was delivered before Judicial Officer Leeds and remanded to custody to serve twenty-five days or pay $100 and perform 100 hours of community service. (*Id.*) After five days, Plaintiff was able to raise the $100 and upon release performed the 100 hours of community service. (*Id.*) Plaintiff asserts that the State now concedes Plaintiff does not owe child support and arrears, but does not accept responsibility for negligence of due process or the harm Plaintiff suffered. (*Id.*) Based on these facts, Plaintiff contends his civil rights were violated including unlawful arrest and detention beginning November 22, 1994, and then again on October 13, 1995, and on March 9, 1998. (*Id.*)

The court recommends that Count II be dismissed with prejudice because Hearing Master Leeds is entitled to judicial immunity. In addition, these claims are barred by the statute of limitations. "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (citations and quotation marks omitted). Plaintiff alleges that his false imprisonment ended on March 12, 1998; therefore, these claims are barred by the two-year statute of limitations.

In Count III, Plaintiff asserts that the Nevada Supreme Court refused to examine the DNA results on file with the Nevada Department of Corrections Offender Management Division to examine the paternity issue. (*Id.* at 6.) He alleges that the Court began by stating that case 91R045925 was closed, but Plaintiff asserts that this case continued to prejudice Plaintiff by

allowing him to be restrained. (*Id.*) He then avers that the State attempted to "sidestep" the issue by reducing the monthly payment amount to zero and resetting the total amount of arrears due to zero. (*Id.* at 7.) He asserts that he sought relief from the deprivation of his due process rights from Judge O'Malley. (*Id.*) He asserts that the default judgment previously entered against him was improper, and that the matter deserves further examination in the form of review of existing DNA records to determine paternity. (*Id.*)

To the extent Plaintiff seeks to appeal a decision of the Nevada Supreme Court or the Eighth Judicial District Court, this court does not have jurisdiction to hear an appeal from an order of the Nevada Supreme Court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (lower United States federal courts cannot sit in direct review of state court decisions unless Congress has specifically authorized such relief).

Insofar as he asserts that any one of these judges deprived him of his civil rights, the judges named are entitled to immunity.

For these reasons, the court recommends that this action be dismissed with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

**(1) GRANTING** Plaintiff's application to proceed in forma pauperis (ECF No. 1); however, pursuant to pursuant to 28 U.S.C. § 1915(b), he is still required to pay the full amount of the filing fee over time. Within thirty days of the date of any order adopting and accepting this report and recommendation, Plaintiff should be required to pay an initial partial filing fee of $34.92. Thereafter, Plaintiff should be required to make monthly payments of twenty percent of the preceding month's income credited to his account to be forwarded by the agency having custody over Plaintiff to the Clerk of this court each time the amount in Plaintiff's account exceeds $10 until the filing fee is paid.

(2) Directing the Clerk to **FILE** the complaint (ECF No. 1-1); and

(3) **DISMISSING** the action **WITH PREJUDICE**.

///

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED:  March 8, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE